IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING DISCLOSURE OF SUBSCRIBER INFORMATION AND LOGS, AND INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES RE: TARGET SNAPCHAT USER **WONSTOPORGANICS** | Case No. PR19-54 PAS<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. §§ 3122-24 & 2703(d)

The United States of America, moving by and through Christine Lowell, Assistant United States Attorney for the District of Rhode Island, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C. § 2703(d) and 18 U.S.C. §§ 3122-24, authorizing disclosure of subscriber information and logs of previous snaps pertaining to, and the installation and use of pen registers and trap and trace devices ("pen-trap devices") to obtain prospective snap logs and Internet Protocol ("IP") addresses associated with account logins and logouts on, the Snapchat account of user **wonstoporganics**, vanity names "WonstopOrgaincs" and "WonstopOrganics" as described in Section II of Attachment A to the proposed Order, in connection with a criminal investigation conducted by the United States Marshals Service ("USMS") of federal probationer JOEL P. SENNON (AKA Leeron Silva) regarding an alleged violation of 18 U.S.C. § 1073. In support of this application, the United States asserts:

1

## LEGAL BACKGROUND

1.  The Court may authorize the installation and use of pen-trap devices to collect prospective dialing, routing, signaling and addressing information associated with wire and electronic communications, not including the contents of any communication, pursuant to 18 U.S.C. §§ 3122-24. The Court may also order an electronic communication service to disclose records or other information relating to the provider's subscribers pursuant to 18 U.S.C. §§ 2703(c)(1) and (d). Based on the combined authority of these statutes, the United States seeks subscriber information, historical and prospective snap logs, and historical and prospective Internet Protocol ("IP") addresses associated with account logins and logouts of the target Snapchat account of user **wonstoporganics**, vanity names "WonstopOrgaincs" and "WonstopOrganics."

2.  A court order under 18 U.S.C. § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records or other information described in Section II of Attachment A are relevant and material to an ongoing criminal investigation.

3.  18 U.S.C. § 3123(a)(1) gives the court the authority to authorize the installation and use of pen-trap devices anywhere within the United States, where the Court finds that an attorney for the Government has certified to the Court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation. Under 18 U.S.C. § 3122(b), an application for the authorization of a pen-trap device must include three elements.

(1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application;" (2) "the identity of the law enforcement agency conducting the investigation;" and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

4. This Court has jurisdiction to issue the proposed Order because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

5. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure. The law enforcement agency conducting the investigation is the United States Marshals Service ("USMS").

6. Snap, Inc. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d) to require Snap, Inc. to disclose the items described in Section II of Attachment A.

## RELEVANT FACTS

### Background

7. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the

originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

8. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

9. The Internet is a global network of computers and other devices. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol, or "IP" address. This number is used to route information between devices. Generally, when one device requests information from a second device, the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous to a telephone number and can be recorded by pen-trap devices, and it indicates the online identity of the communicating device without revealing the communication's content. There are two types of IP addresses: dynamic and static. A static IP address is one that is permanently assigned to a given computer on a network. With dynamic IP addressing, however, each time a computer establishes an Internet connection, that computer is assigned a different IP address.

10. A network is two or more computers or other devices connected to each other that can exchange information with each other via some transmission method, such as by wires, cables, or radio waves. The equipment that connects a computer or other device to the network is commonly referred to as a network adapter. Most network adapters have a Media Access Control ("MAC") address assigned by the manufacturer of the adapter that is designed to be a unique identifying number. An adapter's unique MAC address allows for proper routing of communications on a local area network and may be used for other purposes, such as

authentication of customers by some network service providers. Unlike a device's IP address that often changes each time a device connects to the Internet, a MAC address is fixed at the time of manufacture of the adapter. Because the address does not change and is intended to be unique, a MAC address can allow law enforcement to identify whether communications sent or received at different times are associated with the same adapter.

11. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header with routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size.

12. In addition, different Internet applications are associated with different "port numbers," or numeric identifiers. The port number is transmitted along with any communication using that application. For example, port 80 typically is associated with communications involving the World Wide Web.

**Snapchat Account of User Wonstoporganics**

13. Snapchat is a mobile application made by Snap, Inc., a company headquartered at 63 Market Street Venice, California 90291. Snapchat is available for public download through the iPhone App Store and Google Play. Snapchat allows users to send messages called "snaps" to each other using the Internet. These snaps may include photos or videos. A unique feature of Snapchat messages is that the content of the snaps is generally deleted within a matter of seconds after a snap is viewed by the recipient, unless the content is saved by the user. Snapchat users

can archive photo or video snaps as part of the user's "Story," and may save snaps to the application's "cloud" storage known as "Memories." The application also has a real-time "Chat" feature.

14.     Snap, Inc. can generally provide subscriber information that is collected when a user creates a new Snapchat account, which may include email addresses, phone numbers, account creation dates and timestamp and IP addresses of account logins and logouts.

15.     Snap, Inc. also maintains logs of approximately 31 days of user snaps, both sent and received, 24 hours of posted Stories, and any unopened or saved chats. The logs contain meta-data, but no content.

16.     USMS determined that the Snapchat account of user **wonstoporganics**, vanity names "WonstopOrgaincs" and "WonstopOrganics," is currently being used by fugitive JOEL P. SENNON (AKA Leeron Silva), and has been since at least August 25, 2019.

### Joel P. Sennon (AKA Leeron Silva)

17.     SENNON is currently a fugitive. On August 20, 2019, the United States obtained an arrest warrant for SENNON for alleged violations of 21 U.S.C. § 846 & 21 U.S.C. § 841(a)(1)(b)(1)(B). On August 14, 2019, United States Postal Inspectors and members of the Los Angeles, California Police Department attempted to execute a federal arrest warrant for ROBERT A. BROWN (1:19-MJ-61-PAS) as well as a search warrant for BROWN's apartment located at 330 W. 11th Street, Los Angles, California. Just prior to the execution of the warrants, BROWN and two other occupants of the apartment, left the apartment and snuck out of the building avoiding postal inspectors and police. Postal inspectors obtained and reviewed the surveillance video for the apartment building and identified BROWN and SENNON sneaking out of the building. SENNON's passport and other documents tying him to BROWN's

apartment were recovered inside the apartment by inspectors. In addition to the identification documents, inspectors located a large amount of cocaine, U.S. currency and two firearms. On August 20, 2019, United States Postal Inspectors secured an arrest warrant for SENNON. On September 12, 2019, Inglewood California police effected a motor vehicle stop of BROWN subsequent to which they arrested BROWN on the outstanding federal arrest warrant. The U.S. Marshals Service is actively attempting to locate SENNON and execute the outstanding arrest warrant. Capturing the I.P. addresses from which SENNON is accessing Snapchat is reasonably likely to assist the USMS in apprehending SENNON.

18.     Based on its investigation, USMS determined that SENNON has been using the Snapchat mobile application to communicate with individuals since on or about August 25, 2019. At least one of the individuals that SENNON communicated with via Snapchat observed SENNON using Snapchat through September 18, 2019.

## CERTIFICATION AND REQUEST FOR NON-DISCLOSURE ORDER

19.     USMS investigators believe that the records sought herein (i.e., subscriber information, historical and prospective snap logs, and historical and prospective Internet Protocol ("IP") addresses associated with account logins and logouts) relating to Snapchat account of user **wonstoporganics**, vanity names "WonstopOrgaincs" and "WonstopOrganics," would be relevant and material to the ongoing investigation of SENNON.

20.     The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the USMS as required by 18 U.S.C. § 3122(b)(2). Similarly, the facts set forth above show that there are reasonable grounds to believe that the records and information described in Section II of Attachment A are relevant and material to an ongoing criminal investigation, as required by

18 U.S.C. §§ 2703(d). Specifically, the subscriber information, historical and prospective snap logs, and historical and prospective Internet Protocol ("IP") addresses associated with account logins and logouts of the target Snapchat account of user **wonstoporganics**, vanity names "WonstopOrgaincs" and "WonstopOrganics," requested will help the USMS ascertain SENNON's prior movements and current location, in order to obtain additional evidence of violations of 18 U.S.C. § 1073.

21. Disclosure that the requested records have been produced to the USMS and the United States Attorney would result in serious jeopardy to the pending criminal investigation within the meaning of 18 U.S.C. §§ 2705(b)(2), (3) and (5).

### REQUEST FOR ORDER

22. For the reasons stated above, the United States requests that the Court enter an Order authorizing the disclosure of subscriber information, historical snap logs, and historical Internet Protocol ("IP") addresses associated with account logins and logouts of the target Snapchat account of user **wonstoporganics**, vanity names "WonstopOrgaincs" and "WonstopOrganics," as described in Section II(a) of Attachment A to the proposed Order.

23. The United State further requests that the Court authorize the installation and use of pen-trap devices to record, decode, and/or capture the information described in Section II(b) of Attachment A to the proposed Order for each communication to or from the target Snapchat account (i.e. prospective snap logs and prospective Internet Protocol ("IP") addresses), without geographic limit, pursuant to 18 U.S.C. § 2703(d) and 18 U.S.C. §§ 3122-24. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

24. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty (60) days, pursuant to 18 U.S.C. § 3123(c)(1).

25. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Snap, Inc., and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the USMS, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

26. The United States further requests that the Court order that the USMS and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

27. The United States further requests that the Court order Snap, Inc., and any other person or entity whose assistance may facilitate execution of this Order, to notify applicant and the USMS of any changes relating to the target Snapchat account of user **wonstoporganics**, vanity names "WonstopOrgaincs" and "WonstopOrganics," including changes to subscriber information and to provide prior notice to the applicant and the USMS before terminating or changing service.

28. The United States further requests that the Order require Snap, Inc., and any other person or entity whose assistance facilitates execution of this Order, and their agents and

employees, not to disclose in any manner, directly or indirectly, by any action or inaction, including to the subscriber of the target Snapchat account, the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, unless and until authorized by this Court. *See* 18 U.S.C. § 2705(b) and 18 U.S.C. § 3123(d)(2). Such a requirement is justified because the Order relates to an ongoing criminal investigation, and its disclosure may alert the target. Accordingly, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving the target an opportunity to continue flight from prosecution, destroy or tamper with evidence, endanger their own lives or safety, intimidate potential witnesses, change patterns of behavior, or notify confederates.

29. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. *See* 18 U.S.C. § 3123(d)(1). As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their disclosure may seriously jeopardize that investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 20, 2019.

Respectfully submitted,

*/s/ Christine D. Lowell*
CHRISTINE LOWELL
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email: Christine.Lowell@usdoj.gov